UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUMMER WIND CONDOMINUM ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-1437 |
| INSURANCE COMPANY OF GREATER NEW YORK, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, Summer Wind Condominium Association, by its undersigned attorneys, for its Complaint against Defendant, Insurance Company of Greater New York, states:

## FACTS

1. Plaintiff, Summer Wind Condominium Association ("Summer Wind"), a citizen of Illinois, being an Illinois not-for-profit corporation with its principal place of business in North Aurora, Illinois, is the owner of 54 multi-unit residential condominium buildings in North Aurora, Illinois (collectively "the Buildings" or "the insured premises").

2. Defendant, Insurance Company of Greater New York ("GNY"), is a New York citizen, being a New York corporation with its principal place of business in New York, New York.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

1

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to its claims occurred in this judicial district. Additionally, GNY does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. GNY issued to Summer Wind a commercial property insurance policy effective September 27, 2022 to September 27, 2023 ("the insurance policy" or "the insurance contract", a copy of which is attached to this Complaint as Exhibit A).

6. Under the "Condominium Association Coverage Form" of the insurance policy, GNY insured against direct physical loss of or damage to the Buildings caused by or resulting from a covered cause of loss.

7. Under the "Causes of Loss-Special Form" of the insurance policy, covered causes of loss are risks of direct physical loss unless the loss is limited or excluded in the insurance policy.

8. Loss caused by hail is not limited or excluded under the terms and conditions of the insurance policy and, therefore, is a covered cause of loss.

9. On or about April 4, 2023, while the insurance policy was in full force and effect, the Buildings were damaged by hail ("the loss").

10. Summer Wind submitted a claim to GNY for benefits under the insurance policy.

## COUNT I
**(Breach of Contract)**

11. Summer Wind re-alleges paragraphs 1 through 10 of the Facts of the Complaint as paragraph 11 of count I of the Complaint.

12. Summer Wind has substantially performed all post-loss conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by GNY including, but

not limited to (a) giving prompt notice of the loss, (b) cooperating with GNY in its investigation of the loss and ensuing claim, and (c) filing suit against GNY within two years of the loss.

13. It is GNY's contractual obligation to pay all the amounts due under the insurance policy for the covered loss, including the cost to repair/replace the hail damage to the Buildings.

14. Despite acknowledging that hail fell at the insured premises on April 4, 2023, GNY has failed to pay for the hail damage to the Buildings, thus breaching the insurance contract.

15. This breach of the insurance contract was and is the direct and proximate cause of damages to Summer Wind in an amount in excess of $75,000.

16. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Summer Wind is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Summer Wind Condominium Association, prays for judgment in its favor and against Defendant, Insurance Company of Greater New York, in an amount in excess of $75,000 plus prejudgment interest and costs.

## COUNT II
**(Section 155 Relief)**

17. Summer Wind re-alleges paragraphs 1 through 15 of count I of the Complaint as paragraph 17 of count II of the Complaint.

18. At the time of the loss, GNY's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

19. Summer Wind is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of GNY engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay for the loss and ensuing claim within 40 days of the loss being reported to GNY on April 28, 2023, or by June 7, 2023, thus constituting an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b) failing to provide a reasonable written explanation for the delay in resolving the loss and ensuing claim, after the claim remained unresolved for more than 75 days after Summer Wind notified GNY of the loss on April 28, 2023, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c) failing to provide reasonable written explanations for the six-month delay in resolving the loss and ensuing claim, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(d) failing to affirm or deny liability within a reasonable time, in violation of section 154.6(i) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50(a) of Part 919 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6(d) of the Illinois Insurance Code;

(f) refusing to pay for the covered hail loss due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the hail loss, YA Engineering Services, who is repeatedly used by and is biased in favor of insurers like GNY;

(g) knowingly misrepresenting in its coverage position letter that the size of the hail that fell at the insured premises on April 4, 2023 was less than .50 inches in diameter when, in fact, hail up to 1.75 inches in diameter fell at the insured premises on April 4, 2023, in violation of section 154.6(a) of the Insurance Code;

(h) disclaiming coverage for the hail loss to the Buildings' roof shingles based on an unreasonable interpretation of its insurance policy; specifically, that there was no hail damage to the Buildings' roof shingles because the hail impacts from the April 4, 2023 storm purportedly did not result in a loss of the shingles' water shedding ability or a reduction in the service life of the shingles, even though the insurance policy does not limit hail damage to damage that affects the functionality or diminishes the service life of building components such as roof shingles;

(i) knowingly misrepresenting in its coverage position letter that the Buildings' roof shingles purportedly suffered from age-related wear and tear, deterioration, neglect, and improper, inadequate, or defective materials, repairs, maintenance, and/or construction when, in fact, the roof shingles had been replaced before the April 4, 2023 storm, in violation of section 154.6(a) of the Insurance Code;

(j) acknowledging in its coverage position letter that attic ventilators and flue pipe caps on the Buildings' roofs were damaged by hail impacts from the April 4, 2023 storm and that the actual cash value of the damage did not exceed the per building deductible; but, that plumbing vents and exhaust vents on the Buildings' roofs allegedly were not damaged by hail impacts from the April 4, 2023 storm, even though YA Engineering Services found hail impacts and associated spatter marks on the plumbing vents and exhaust vents, indicative that the hail that impacted the plumbing vents and exhaust vents was from the April 4, 2023 storm;

(k) disclaiming coverage for the hail loss to the Buildings' aluminum siding, gutters, downspouts, wraps, and flashing because the hail impacts allegedly were not from the April 4, 2023 storm due to lack of associated spatter marks when, in fact, these building components had associated spatter marks, indicative that the hail that impacted the Buildings' aluminum siding, gutters, downspouts, wraps, and flashing was from the April 4, 2023 storm;

(l) without proper cause, wrongfully and knowingly refusing to reimburse Summer Wind for all of its covered loss under the insurance policy; and

(m) forcing Summer Wind to retain legal counsel to investigate the loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, Summer Wind Condominium Association, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Insurance Company of Greater New York.

**Plaintiff Demands Trial by Jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 W. Madison Street, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiff

6